UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EDWIN N. HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01307-TWP-MJD |
| | ) | |
| MARION COUNTY SHERIFF, | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING CITY OF INDIANAPOLIS' MOTION TO DISMISS**

This matter is before the Court on Defendant City of Indianapolis (the "City"), Motion to Dismiss. (Dkt. 18). Plaintiff Edwin Holmes ("Mr. Holmes") initiated this case based on actions allegedly taken while he was incarcerated in the Marion County Jail. (Dkt. 1). The City argues it is entitled to dismissal under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) because: (1) Mr. Holmes fails to state a claim against the City of Indianapolis, and (2) Mr. Holmes' tort claims are barred for failing to comply with provisions of the Indiana Tort Claim Act. (Dkt. 19 at 1). Mr. Holmes did not respond to the motion to dismiss. For the reasons explained below, the motion to dismiss for failure to state a claim is **granted.**

**I. Factual Allegations and Procedural Background**

Mr. Holmes was arrested on January 26, 2023, and ultimately placed in a cellblock within the Marion County Jail. Dkt. 1, ¶¶ 33–34. He alleges that he was severely beaten by several of the other inmates who were housed in that cellblock. *Id.*, ¶ 35. Despite being in the care and custody of the Sherriff, his request for medical treatment was denied. *Id.*, at ¶¶ 36–37. The Sheriff, Correct Care Solutions, and John Does, were deliberately indifferent to his need for medical attention. *Id.*,

¶¶ 52–55, 60–63, 70–74. He also alleges that an unnamed Defendant grabbed him from the top bunk bed and threw him onto the floor or into a wall. *Id.*, ¶¶ 38–42.

On July 26, 2023, Mr. Holmes filed the Complaint in this action, alleging Eighth and Fourteenth Amendment claims, negligence claims, and intentional infliction of emotional distress claims. He seeks actual and punitive damages, costs, reasonable attorney's fees, all with interest. *Id.*, ¶¶ 82.

## II. Legal Standard

The City seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion, the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court takes "as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *Roe v. Dettelbach*, 59 F.4th 255, 261–62 (7th Cir. 2023) (citation omitted)). But the Court is "not bound by legal conclusions couched as factual allegations." *Guerrero v. Howard Bank*, 74 F.4th 816, 819 (7th Cir. 2023).

## III. Discussion

The City argues that the Complaint concerns "events which transpired during Mr. Holmes' incarceration, which have nothing to do with the City or its employees." Dkt. 19 at 3. The only allegations related to the City, are unsupported legal conclusions concerning the City and its relationship to the Marion County Sheriff's Department. *Id.*

Specifically, the Complaint makes the following allegations related to the City of Indianapolis or its agents:

> • "The consolidated City of Indianapolis/Marion County is a local governmental subdivision, created by and existing under the laws of Indiana and is headquartered in Indianapolis, in Marion County, Indiana. The Marion County Sheriff is legally a part of the Consolidated City of Indianapolis/Marion County." Dkt. 1 at ¶ 7.

> • "The Consolidated City of Indianapolis/Marion County is a local subdivision created by and existing under the laws of Indiana and is headquartered in Indianapolis in Marion County, Indiana." Dkt. 1 at ¶ 11.
>
> • "The Marion County Sheriff is the Sheriff for the Consolidated City of Indianapolis/Marion County." Dkt. 1 at ¶ 12.
>
> • "Under Unigov, the Consolidated City of Indianapolis/Marion County and the Marion County Sheriff are legally the same entity." Dkt. 1 at ¶ 13.

The City argues that these unsupported statements are incorrect legal assertions that need not be accepted as true. Dkt. 19 at 5. Instead, the City points out that it and Marion County Sheriff are legally distinct entities. The City explains that the 1969 "Unigov" Act reorganized much of the City and Marion County, Indiana, and enabled the consolidation of certain governmental functions, but it did not consolidate *all* municipal bodies within Marion County under one umbrella. Dkt. 19 at 4 (citing *Metro Emergency Commc'ns Agency v. Cleek*, 835 N.E.2d 565, 567 (Ind. Ct. App. 2005) and *Peterson v. Borst*, 786 N.E.2d 668, 669 (Ind. 2003)).

The caselaw the City cites in support of its position that it is not the same legal entity as the Sheriff's Department is persuasive. *See* dkt. 19 at 3-5.

> [T]he consolidation of the City and County, as well as the consolidation of their law enforcement departments, has been only partial – the Jail Division of the Marion County Sherriff's Department has not been merged with the City of Indianapolis Police Department. Further, the Sheriff's Department has always remained a separate entity from the City of Indianapolis.

*Grieveson v. Anderson*, 538 F.3d 763, 770–71 (7th Cir. 2008) (internal citation omitted); *see also Scott v. Consol. City of Indianapolis*, 833 N.E.2d 1094, 1101 n.17 (Ind. Ct. App. 2005) ("government functions such as the Indianapolis Police Department and the Marion County Sheriff's Department, [. . .] were maintained separately in Unigov."). The distinction between the City and the Marion County Sheriff is also apparent when one considers that, even after the Unigov act's passage, "all of the constitutional offices which comprise the county government were

3

maintained." *Id*. at 1100; *see also* IND. CONST. ART. 6 § 2(a) ("There shall be elected, in each county by the voters thereof, at the time of holding general elections a [. . .] Sheriff [. . .] who shall, severally, hold their offices for four years.").

The City argues that because Mr. Holmes "alleges no allegations against the City of Indianapolis or its agents to establish that they are liable for his claims and because the City and Sheriff are separate legal entities, the City of Indianapolis should be dismissed as a Defendant pursuant to Rule 12(b)(6)." Dkt. 19 at 5. Mr. Holmes does not contest this conclusion.

The Court agrees with the City. There are no factual allegations supporting any misconduct by the City and the legal conclusion that the City is legally the same entity as the Marion County Sheriff is incorrect. Accordingly, the City's motion to dismiss for failure to state a claim, dkt. [18], is **granted.** Given the dismissal of the claims against the City, the Court shall not consider whether any tort claims against the City are barred by the procedural prerequisites of the Indiana Tort Claims Act. Dkt. 19 at 6-7.

### IV. Conclusion

For these reasons, the City's unopposed motion to dismiss, dkt. [18], is **granted.** The **clerk is directed** to terminate the City of Indianapolis as a defendant on the docket.

IT IS SO ORDERED.

Date: 5/13/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EDWIN N. HOLMES
6311 Shelbyville Rd.
Indianapolis, IN 46237

Michael Brian Coppinger, II
brian.coppinger2@indy.gov

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com